DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROSS WEINGARTEN (NYBN 5236401)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6747
    FAX: (415) 436-7200
    Ross.weingarten@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 18-417-3 CRB |
| Plaintiff, | UNITED STATES' REVISED SENTENCING MEMORANDUM |
| v. | Sentencing Date: June 3, 2020 |
| EFRAIN ESQUIVEL REYES, | Time: 1:30 p.m. |
| Defendant. | Judge: Hon. Charles R. Breyer |

## I. INTRODUCTION

Efrain Esquivel Reyes is the third and final defendant to be sentenced for his role in a conspiracy to distribute methamphetamine in Marin County. This defendant came before the court for sentencing on November 6, 2019, but on the recommendation of defense counsel, the Court continued sentencing to provide the defendant an opportunity to show the Court he could continue his good behavior. Dkt. Nos. 83, 86. Approximately seven months have passed, and the government believes that the defendant has continued to do well and comply with the conditions of his release.

The facts of this case remain largely undisputed. This defendant worked for a brief period of time in August and September 2018 as a drug runner for co-defendant Agosto Meda, who was the leader

1

of the conspiracy to distribute methamphetamine in San Rafael, California. On September 18, 2018, the defendant delivered a large quantity of methamphetamine on behalf of Mr. Meda to a buyer who turned out to be an undercover officer. However, of the three defendants charged in the Superseding Indictment, this defendant is the least culpable. Agosto Meda was sentenced by this Court to 60 months in prison for his role in the conspiracy. Dkt. No. 63. Melvin Martinez, another runner for Mr. Meda who was involved in more narcotics transactions than this defendant, received a 30 month sentence for his role. Dkt. No. 64. The government declines to make a sentencing recommendation in this case.

## II.   OFFENSE CONDUCT

The revised PSR accurately sets forth the conduct of the drug conspiracy in this case. PSR ¶¶ 6-18. However, only paragraphs 17 and 18 concern this defendant. On August 17, 2018, law enforcement saw the defendant driving Mr. Meda, the leader of the charged conspiracy, to a narcotics transaction. *Id.* ¶ 17. On September 18, 2018, the defendant acted as a drug runner for Mr. Meda, picking up a backpack that contained approximately 234.4 grams of methamphetamine on Mr. Meda's orders, which Mr. Meda sold to an undercover officer for $2,800. *Id.* The defendant was arrested on that day. There is no evidence that the defendant was aware of the quantity of methamphetamine in the backpack or the details of the transaction. At all times throughout the conspiracy, Mr. Meda exercised decision-making authority over the defendant.

## III.   CRIMINAL HISTORY

As set forth in the PSR, the defendant has no criminal history. PSR ¶ 36.

## IV.   SENTENCING GUIDELINES CALCULATIONS

As set forth in the plea agreement in this case, the parties have agreed on a Guidelines calculation, which Probation agrees with. The defendant's base offense level is 26 pursuant to U.S.S.G. § 2D1.1(a)(5), (c)(7). PSR ¶ 23. The defendant receives a two level decrease because he is eligible for Safety Valve and has proffered truthfully with the government. PSR ¶ 24. The government also agrees that the defendant should receive a two level decrease because he was a minor participant in the criminal activity, pursuant to U.S.S.G. § 3B1.2(b). PSR ¶ 26. Finally, the defendant receives three points off for his early acceptance of responsibility. PSR ¶ 31. Consequently, the defendant's Total Offense Level is 19. Because he is a Criminal History Category I, his Guidelines range is 30-37 months, and because the

defendant is Safety Valve eligible, he is not subject to the five-year mandatory minimum sentence that would otherwise be applicable in this case.

### V. SENTENCING RECOMMENDATION

#### A. Applicable Law

Section 3553(a) directs courts to consider a number of factors in determining an appropriate sentence. The key factors are the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), as well as the need to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B).

Although the Supreme Court's decision in *Booker* has rendered the Sentencing Guidelines advisory, the Guidelines still remain the "starting point and initial bench-mark" for sentencing. *Kimbrough v. United States*, 552 U.S. 85, 108, (2007) (internal quotation marks and citation omitted); *see Carty*, 520 F.3d at 991 (en banc); *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011). While there is no presumption of reasonableness for a Guidelines range sentence, if a district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Carty*, 520 F.3d at 991-992 (citing *Gall v. United States*, 552 U.S. 38, 50, (2007)); *see also United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) ("district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence."). As the Supreme Court recognized in *Gall*, "a major departure should be supported by a more significant justification than a minor one." 552 U.S. at 50. Finally, "[a]s a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentencing." *United States v. Armstead*, 552 F.3d 769, 777-78 (9th Cir. 2008); *see, e.g.*, *United States v. Treadwell*, 593 F.3d 990, 1001 (9th Cir. 2010).

#### B. Analysis of the Factors Set Forth in 18 U.S.C. § 3553(a).

While he was only a minor participant, the defendant nonetheless knowingly participated in an illegal conspiracy aimed at selling extremely dangerous drugs for a profit. The drugs the defendant helped to sell wreak havoc on this community and cause untold harm to its members. As set forth in 18

3

U.S.C. § 3553(a)(1), an analysis of the nature and characteristics of this offense shows that the defendant was part of a harmful narcotics conspiracy and that this is a serious offense.  In addition, general deterrence is an important consideration at sentencing for the Court in this case.  18 U.S.C. § 3553(a)(2)(B).  Methamphetamine is extraordinarily dangerous and it is imperative that those in the community who choose to distribute methamphetamine understand that there will be severe consequences for their actions.

However, there are a number of § 3553(a) factors that suggest a downward variance from the defendant's Guidelines range is appropriate in this case.  To begin, the defendant has no prior criminal history.  Moreover, the defendant's conduct appears to have been motivated, at least in part, by his own addiction to methamphetamine.  In addition, as reflected by the two-point reduction in his Guidelines calculation, the government's evidence suggests that the defendant played a minor role in the conspiracy orchestrated by Mr. Meda.  The government only has evidence that the defendant delivered drugs for Mr. Meda one time, although the amount he delivered—approximately 234 grams—was significant.  Nor did the defendant exercise any decision-making authority in the conspiracy; he took orders from Mr. Meda and the government has no evidence that he had insights into Mr. Meda's larger narcotics distribution conspiracy.  The defendant has also taken responsibility and shown remorse for his actions, and he truthfully proffered with the United States about his involvement in the conspiracy.  The defendant was charged in September 2018.  Since then, he has performed well on pretrial release, maintaining gainful employment to support his wife and young children.  In the seven months since the Court continued the initial sentencing, the government believes that the defendant has complied with all conditions of pretrial release.

//

//

//

//

//

//

//

## VI. CONCLUSION

The defendant was involved in a conspiracy to distribute methamphetamine in Marin County, which is a serious offense. However, the defendant was a minor player who exercised no control nor had any decision-making authority in the conspiracy. Furthermore, this is the defendant's first conviction and he has behaved well on release since being charged in this case almost two years ago. The government declines to make a sentencing recommendation in this case.

DATED: May 27, 2020                                Respectfully submitted,

                                                   DAVID L. ANDERSON
                                                   United States Attorney


                                                   _____/s/_____
                                                   ROSS WEINGARTEN
                                                   Assistant United States Attorney